IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02323-MSK-KLM

RILEY McCLURE,

    Plaintiff,

v.

IMPERIAL WOODWORKING COMPANY, and
IMPERIAL WOODWORKING ENTERPRISES, INC.,

    Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Dismiss Counterclaim, Fed. R. Civ. P. 12(b)(6)** [#22][1] (the "Motion"). Defendant Imperial Woodworking Enterprises, Inc. ("Enterprises") has filed a Response [#23] to the Motion, and Plaintiff filed a Reply [#28]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion [#22] has been referred to the undersigned for recommendation. *See* [#24]. The Court has reviewed the entire case file and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#22] be **DENIED**.

---

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

**I. Background**

Plaintiff brings this lawsuit against Defendant Enterprises,[2] which "is engaged in the business of creating and building luxury retail and hospitality interior finishes and fixtures on a global basis," and Defendant Imperial Woodworking Company ("Imperial"), which "is engaged in the business of creating and building prestigious architectural woodwork projects on a global scale." *Compl.* [#7] ¶¶ 6, 8. To summarize, Plaintiff alleges that he was employed by Enterprises as its Vice President and Project Executive and that he is owed bonuses that he was never paid following termination of his employment. *Id.* ¶ 10.

Plaintiff filed the Complaint in state court on August 10, 2016. *See* [#1-1]. On September 14, 2016, Defendants removed the action to this Court. *Notice of Removal* [#1]. On September 21, 2016, Enterprises filed an Answer [#15], which included Counterclaims against Plaintiff. Enterprises alleged that the following actions breached Plaintiff's duty of loyalty to Enterprises: Plaintiff refused to settle a fee dispute with a subcontractor due to a "personal vendetta," which resulted in a lawsuit filed against Enterprises; Plaintiff became angry with a significant client, who then questioned Enterprises about the integrity of its business; and Plaintiff purposefully sold a substantial project under market price in an attempt to financially harm Enterprises.[3] Additionally, Enterprises alleges that Enterprises and Imperial have an exclusive relationship with Decca Furniture Limited ("Decca"), a company located in Hong Kong that is "one of the few companies in the world that can produce high-quality woodwork and accents at below-market prices." *Answer* [#15] ¶¶ 11-

---

[2] This Defendant is referred to as "Enterprises" for clarity throughout this Recommendation.

[3] The Court construes all of the well-pled allegations in the Counterclaims in favor of Enterprises, the non-moving party. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

14.  Enterprises further states that if it lost Decca as a supplier, its business would be substantially harmed or destroyed.  *Id.* ¶ 15.  Enterprises alleges that Plaintiff flew to Hong Kong to meet with Decca's owner, Mr. Tsang, in January 2016 after "several months of discussion" with him.  *Id.*  The alleged content of the discussions is that Plaintiff attempted to solicit Mr. Tsang "to terminate Decca's contract with [Enterprises] and conduct a competing business in the United States, managed by [Plaintiff]."  *Id.* ¶¶ 20, 28.  Plaintiff charged Enterprises for the cost of his travel to and lodging in Hong Kong.  *Id.* ¶¶ 29, 30.

Enterprises brings Counterclaims against Plaintiff for (1) Breach of the Duty of Loyalty, (2) Unjust Enrichment, and (3) Declaratory Judgment.  *See Answer* [#15] at 18-21.  Plaintiff now moves to dismiss the Counterclaims.  *See Motion* [#22].

## II.  Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510

F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Rule 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

**A.    Breach of Duty of Loyalty**[4]

The parties disagree about the applicable test for breach of duty of loyalty. Plaintiff, relying on the Restatement (Third) of Agency, argues that the elements are: (1) the

---

[4] When a federal court sits in diversity, it is required to apply the most recent applicable substantive state law pronounced by the state's highest court. *Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108 (10th Cir. 2002). Thus, the Court applies Colorado law here.

employee took an action, (2) which resulted in a material benefit from a third party to the employee, (3) in connection with a transaction conducted or other actions taken on behalf of the principal, (4) except that employees are privileged to "prepare for competition." *See Motion* [#22] at 2-3. Plaintiff argues that Enterprises has failed to sufficiently allege two of these elements: that Plaintiff acquired any material benefit from his actions, and that Plaintiff competed with Enterprises, as opposed to preparing for competition following termination from the company. *See id.* at 3. Enterprises, on the other hand, cites to a Colorado Court of Appeals case in order to argue that it has sufficiently alleged the following elements: (1) the employee was acting as a fiduciary, (2) the employee breached his fiduciary duty, (3) the employer suffered damages, and (4) the employee's breach was the proximate cause of the employer's damages. *See Response* [#23] at 4 (citing *Graphic Directions v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993)).

Here, the Court applies a different test, which was articulated in *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 499-500 (Colo. 1989). The Tenth Circuit Court of Appeals, in applying *Jet Courier*, stated that "courts should focus on the following factors in determining whether an employee's actions rise to the level of a breach of loyalty: (1) the nature of the employment relationship; (2) the impact or potential impact of the employee's actions on the employer's operations; and (3) the extent of any benefits promised or inducements made . . . to obtain their services in the competing business." *In re Prof'l Home Health Care, Inc.*, 159 F. App'x 32, 34 (10th Cir. 2005). Furthermore, the factors must be weighed, as no one factor is determinative. *Id.*

**1. Solicitation of Decca**

As an initial matter, Plaintiff contends that Enterprises' claim is insufficiently pled

because it has not alleged that Plaintiff obtained a material benefit. However, whether an employee obtains a material benefit is not a factor – let alone an element – of the test that the Court applies here. *See Prof'l Home Health Care*, 159 F. App'x at 34.

Plaintiff next contends that "[t]here is no precedent for finding a breach of the duty of loyalty based upon an employee's solicitation of an employer's supplier absent aggravating circumstances." *Reply* [#28] at 2; *see also Motion* [#22] at 10. Plaintiff argues that the cases cited by Enterprises addressed more egregious employee actions than are present here. *Id.* However, Plaintiff's position that aggravating circumstances are required is unsupported. Whatever the circumstances present in the other cases, here the focus is on a weighing of the factors articulated above. Plaintiff avers: "No allegation was made by [Enterprises] that [Plaintiff] proposed that Decca stop supplying [Enterprises] with product. No allegation was made by [Enterprises] that [Enterprises] could not obtain product from a different supplier. No allegation was made by [Enterprises] that it would suffer increased costs or delay if it was required to use a different supplier." *Reply* [#28] at 3. First, the Court finds this argument unconvincing because Enterprises has stated almost exactly those allegations. *See Answer* [#15] ¶¶ 13, 15, 32 ("[D]uring his face-to-face meeting with [Decca], [Plaintiff] proposed that Decca terminate its relationship with Enterprises"; "Decca is a unique business partner . . . in that it is one of the few companies in the world that can produce high-quality woodwork and accents at below-market prices"; "If Enterprises were to lose Decca as a supplier, it would substantially harm, if not destroy, Enterprises' business."). Second, Enterprises is only required to plead that Plaintiff's actions had an impact or potential impact on its business; it is not required to meet a higher standard. *See Prof'l Home Health Care*, 159 F. App'x at 34.

Lastly, Plaintiff argues that Enterprises' allegations are insufficient to state a claim because Plaintiff's conduct amounted to one conversation with Decca that was ultimately unsuccessful, and that Plaintiff was merely preparing to compete with his employer. *See Motion* [#22] at 9, 13. However, determining whether an employee was merely preparing for competition, as opposed to engaging in actual competition, requires an analysis of the "nature of an employee's preparations to compete to determine if they amount to impermissible solicitation." *Jet Courier*, 771 P.2d at 497. Whether the solicitation is effective is irrelevant. *Id.*; *Alexander & Alexander, Inc. v. Hall and Co., Inc.*, No. 88-A-1621, 1990 WL 8028, at *8 (D. Colo. Jan. 31, 1990). Additionally, to the extent that Plaintiff is arguing that Enterprises must allege that an adverse impact actually occurred, his argument lacks merit. *See Prof'l Home Health Care*, 159 F. App'x at 34 (considering both the impact *and* the "potential impact" of employee's actions on employer).

Here, Enterprises alleges that Plaintiff owed a duty to Enterprises, that he utilized Enterprises' resources to travel to Hong Kong and solicit Decca to terminate its relationship with Enterprises, and that the loss of the relationship with Decca would cause Enterprises substantial harm. *See Answer* [#15] ¶¶ 13, 15, 32. The Court finds that these allegations, taken in a light most favorable to Enterprises, state plausible grounds for a breach of duty of loyalty claim. *See Prof'l Home Health Care*, 159 F. App'x at 34; *Shero*, 510 F.3d at 1200.

**2. Allegations with Respect to Underbidding and Failure to Resolve Disputes**

Plaintiff contends that Enterprises' allegations that Plaintiff underbid a project, and failed to resolve disputes with a client and a subcontractor, are insufficient because Plaintiff did not receive any material benefit from these events. *Motion* [#22] at 5, 7 ("Standing

alone these allegations do not state a cause of action for breach of the duty of loyalty because there is no allegation that [Plaintiff] received a material benefit as the result of his actions."). Plaintiff also argues that these allegations simply amounted to performance failures, rather than a breach of duty of loyalty. *See Motion* [#22] at 6.

As addressed above, whether Plaintiff received a benefit directly as a result of these actions is immaterial. Additionally, even if these alleged actions amount to performance failures, the Colorado Supreme Court in *Jet Courier* recognized that there were circumstances in which the duty of loyalty was breached through a failure to perform. *See Jet Courier*, 771 P.2d at 492 (citing *AGA Aktiebolag v. ABA Optical Corp.*, 441 F.Supp. 747, 754 (E.D.N.Y.1977) (finding that "employee is bound at all times during employment to exercise the utmost good faith and loyalty in the performance of his duties"); *Las Luminarias of New Mexico Council of the Blind v. Isengard*, 92 N.M. 297, 587 P.2d 444, 449 (App.1978) (stating that "employee has duty to use best efforts")). Here, Enterprises alleges specifically that the underbidding was an "attempt to financially harm Enterprises." *Answer* [#15] ¶ 25. It also alleges that Plaintiff's responsibilities included "developing and maintaining relationships" with clients and subcontractors, which indicates that a deliberate failure to maintain those relationships could plausibly constitute a breach of duty of loyalty. *See id.* ¶ 19; *Iqbal*, 556 U.S. at 678. Accordingly, considering the relevant factors here, the Court finds that Enterprises has sufficiently alleged a breach of duty of loyalty, and dismissal of the claim at this time would therefore be premature. *See Prof'l Home Health Care*, 159 F. App'x at 34.

**B.     Unjust Enrichment**

Plaintiff argues that Enterprises' claim for unjust enrichment "is pled only as a

remedy for breach of the duty of loyalty" and that it "cannot stand independently if the counterclaim for breach of the duty of loyalty is dismissed." *Motion* [#22] at 14. However, as Enterprises points out, there are "limited situations in which a claim for unjust enrichment may piggyback on certain tort claims." *See Response* [#23] at 16. While tort claims compensate plaintiffs in order to offset the harm done, unjust enrichment "provides an equitable, restitution-based remedy that allows the plaintiff 'to recover the gain acquired by the defendant through the wrongful act.' Thus, unjust enrichment entitles the wronged plaintiff to recover not only compensation for his own injuries, but to also strip the tortfeasor defendant of the benefits of having perpetrated the wrongful act." *See L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 3d 1155, 1175 (D. Colo. 2015) (quoting *Harris Group, Inc. v. Robinson*, 209 P.3d 1188, 1205 (Colo. App. 2009)). Accordingly, the Court respectfully **recommends** that the Motion [#22] be **denied** with respect to Enterprises' counterclaim for unjust enrichment.

**C.      Declaratory Judgment**

Plaintiff has not argued that Enterprises' request for Declaratory Judgment should be dismissed. Accordingly, the Court does not consider this counterclaim.[5]

### IV. Conclusion

For the reasons stated above,

The Court hereby respectfully **RECOMMENDS** that the Motion [#22] be **DENIED**.

---

[5] The Court also notes that Plaintiff argued in the Motion [#22] that Enterprises' counterclaim stating that the allegations made were upon "information and belief" was somehow insufficient. *See Motion* [#22] at 13-14. Although Enterprises addressed the argument in the Response, *see* [#23] at 16, Plaintiff did not re-argue the issue in the Reply [#28]. Accordingly, the Court does not consider this argument.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 9, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge