IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2323-MSK-KLM

RILEY MCCLURE, individually,

 Plaintiff,

*v.*

IMPERIAL WOODWORKING CO.; and
IMPERIAL WOODWORKING ENTERPRISES INC.,

 Defendants.

---

## ORDER ON MOTION TO RESTRICT PUBLIC ACCESS

---

**THIS MATTER** comes before the Court upon the Defendant's Motion to Restrict Public

Access (**# 93**).

The Defendants seek Level 1 Restriction for two exhibits (**## 91-1**, **91-2**) filed by the

Plaintiff in connection with his reply (**# 89**) to his Motion to Amend the Scheduling Order (**# 71**).

In their motion to restrict, the Defendants state that the exhibits contain confidential information

as defined in the parties' Stipulated Protective Order (**# 43**) and that the exhibits' filing was

gratuitous and unjustified because they were examples. The Defendants argue that these exhibits

are unnecessary for the Court's adjudication of the motion to amend.

There is a well-established common-law right of access to judicial records. *See Nixon v.*

*Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the idea that the

public must retain the ability to evaluate a court's decision-making process and ensure that it is

promoting justice by acting as a neutral arbitrator. *See United States v. McVeigh*, 119 F.3d 806,

814 (10th Cir. 1997); *see also United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("The

presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice."). Accordingly, there is a strong presumption that documents filed in a lawsuit that are pertinent to a judicial determination should be freely available to the public. *Colony Ins. Co. v. Burke*, 68 F.2d 1222, 1242 (10th Cir. 2012). Access to court filings may, however, be restricted when the public's right of access is outweighed by interests favoring non-disclosure. *See McVeigh*, 119 F.3d at 811. A party seeking to restrict public access bears the burden to demonstrate compelling reasons justifying restriction. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 Fl.3d 1124, 1135-36 (10th Cir. 2011); *see also McVeigh*, 119 F.3d at 814. Thus, a movant must articulate a real and substantial interest that justifies depriving the public of access to documents that informed the court's decision-making process. *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

Consonant with these precepts, Local Civil Rule 7.2 governs motions to restrict (whether unopposed or contested). This rule requires that a party seeking restriction: (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; and (4) explain why no alternative to restriction will suffice. *See* D.C. Colo. L. Civ. R. 7.2. The fact that the parties agree to a Protective Order is in place is of no moment. It does not dictate the Court's decision or change its analysis, as the right of access belongs to the public who, necessarily, was not a party to such an agreement. *See* D.C. Colo. L. Civ. R. 7.2(c)(2).

Exhibit 1 to the Plaintiff's reply (**# 91-1**) shows a series of wire transfers between one of the defendants and one of its suppliers, including the amounts, bank entities, and account

numbers, etc.  It was offered by the Plaintiff as an example of discovery documents the Defendants produced in redacted form, supporting his argument that such redaction "makes it difficult, if not impossible, to know which invoices were paid by which Defendant."  # 89 at 2. This proposition bears little to no relationship to the voluminous information contained in the exhibit.  It would have been perfectly sufficient to describe the nature of the redaction — which the Plaintiff did, in essence — without including the exhibit as a visual aide.

Exhibit 2 to the Plaintiff's reply (**# 91-2**) shows part of a project report for a woodworking project that one of the Defendants performed for a client.  It includes a list of invoices from vendors, the vendors' names, the invoiced amounts, and the amounts paid.  It was offered by the Plaintiff to establish that many of the Defendants' purported costs include "millions of dollars paid by Imperial Woodworking Company to Imperial Woodworking Enterprises," for which the Defendants have not produced any invoices or checks to substantiate. # 89-2.  Again, this proposition has very little to do with the specific amounts listed in the exhibit; the Plaintiff's description of the exhibit in the reply is almost enough on its own for the Court to glean the exhibit's contents, making its filing superfluous.  To the extent an exhibit was necessary, the exhibit could have been redacted to remove all but the entry showing "millions of dollars" being paid from one entity to the other.  The Plaintiff made no effort to make such redactions.

Accordingly, the Court agrees with the Defendants.  Because the exhibits are unnecessary and extraneous, they are irrelevant to consideration of the motion to amend.  The documents  will remain under restriction, as there is no public interest in access to documents the Court does not consider.  The parties are cautioned to exercise more restraint and thoughtfulness going forward

when determining what exhibits are necessary for the Court to adjudicate a motion. The Motion

to Restrict Public Access (**# 93**) is **GRANTED**.

Dated this 7th day of December, 2017.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Court